# CORAN OBER P.C.

STEVEN BEARD
ASSOCIATE ATTORNEY
SBEARD@CORANOBER.COM

October 2, 2017

**VIA ECF**

The Honorable Judge Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 1106
New York, NY 10007

Re:   Settlement- *Luis R. Villar Nunez v. R & E Corp., et ano.*
      **United States District Court for the Southern District of New York**
      **Case No. 17-CV-01263-LGS**

Dear Judge Schofield:

Please be advised that this office represents Defendants R & E Corp. and Angel R. Nunez (collectively, Defendants") in the above-referenced action. We write jointly with Plaintiff Luis R. Villar Nunez ("Plaintiff") and are pleased to inform the Court that the parties have reached a settlement in this action. We respectfully request judicial approval of the parties' proposed settlement agreement which is annexed hereto as Exhibit A. The agreement provides for the payment of Eighteen Thousand Five Hundred Dollars ($18,500.00), inclusive of Plaintiff's attorneys' fees and costs. Under the settlement agreement, of the $18,500.00, Plaintiff is to receive the amount of $10,284.80 and Plaintiff's Counsel is to receive $8,215.20 in reasonable attorney's fees.

According the Cheeks decision, "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect." *Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199, 206 (2d Cir. 2015). See also *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted) ("[t]he ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching"). Furthermore, the Court in *Wolinsky* set forth the following criteria for determining whether a proposed settlement is fair and reasonable: In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiffs range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Id.* at 335 (internal quotations and citations omitted).

Based on the above criteria, the proposed settlement, which provides for the payment of $18,500.00, was achieved after hard fought and arm's-length negotiations between experienced counsel. First, throughout the litigation of this matter there were significant factual and legal disputes over the viability of Plaintiffs' claims which directly impact their potential recovery. Plaintiffs contend Defendants denied them payment of minimum wages, overtime pay, spread of hours pay, and unlawful deductions. In response, Defendants have argued that Plaintiffs worked considerably fewer

Hon. Judge Lorna G. Schofield
October 2, 2017
Page- 2 -

hours than they alleged and were paid the correct lawful wages for all hours worked. Ultimately, these disputed issues, which go to the heart of Plaintiffs' claims, increased the risk that Plaintiffs would not recover a significant amount of the damages they sought. Nevertheless and as a result of the parties' extensive discussions, Defendants have agreed to pay the amount of $18,500.00 to resolve this matter. Despite Defendants contention that it did not violate the wage laws asserted in the Complaint, Plaintiff is receiving a sum close the amount it sought in this action. Plaintiff had sought damages in the amount of $20,739.17, of which $5,369.59 was actual damages and the remainder being purported statutory damages. See: ECF Docket No. 26. The amount being settled for herein, $18,500.00, is slightly less than the amount sought by Plaintiff.

Factors two and three also weigh in favor of approval. As in any FLSA matter, if the Parties were to engage in a discovery process, the Parties would need to conduct depositions of all parties in order to establish their respective claims and defenses. Such litigation would require the Parties to invest substantial time and expenses. Moreover, both Parties face serious litigation risks. While Plaintiffs believe they will ultimately prevail on their claims, Plaintiffs acknowledge that they face significant risks in establishing liability and damages. From the outset of Plaintiffs' counsel's communication with Defendants, Defendants have vehemently disputed the hours and pay that Plaintiffs alleged in their Complaint. This settlement resolves a bona fide dispute between the Parties, does not contain a unilateral general release, a confidentiality clause, and provides an expeditious payment plan in favor of Plaintiffs. Lastly, factors four and five also weigh in favor of approval. Both Plaintiff's counsel and Defendants' counsel have negotiated at arm's length and have significant experience handling wage and hour claims. Based on the above, the $18,500.00 settlement falls within the range of reasonableness in light of the best possible recovery and all the risks of litigation, and as such, it should be approved. With respect to the attorney's fees to be recovered by Plaintiff's Counsel as part of the settlement, to wit, the amount of $8,215.20, it is respectfully submitted that said sum reasonable in light of the legal services provided by Plaintiff's Counsel, as evidenced by the invoice/statement of Plaintiff's Counsel being filed simultaneously herewith, which reflects a reasonable amount for the reasonable time and effort put in by Plaintiff's Counsel. As a result of the foregoing, the settlement agreed to by the parties is fair, reasonable, and should be approved.

Therefore, all Parties respectfully that the court approve the settlement agreement submitted herewith. We thank the court for its time and attention.

Very truly yours,

Steven Beard

cc: Law Office of Justin A. Zeller, P.C. (via ECF)