UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VILLAR NUNEZ, et al.,
                              Plaintiffs,

               -against-

R & E CORP., et al.,
                             Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/03/2017

17 Civ. 1263 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, on February 2, 2017, Plaintiff filed the Complaint alleging violations under the Fair Labor Standards Act ("FLSA"), the Minimum Wage Act and the New York Labor Law ("NYLL");

    WHEREAS, on October 2, 2017, the parties filed a proposed settlement agreement and supporting documents.  It is hereby

    **ORDERED** that the settlement agreement is **APPROVED** as fair and reasonable based on the nature and scope of Plaintiff's claims and the risks and expenses involved in additional litigation, except with respect to the attorneys' fees award in paragraph 1.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206–07 (2d Cir. 2015).  It is further

    **ORDERED** that Plaintiff's counsel's request for a fee award and costs of $8,215.20 is **DENIED** as unreasonable.  Plaintiff's counsel are Justin A. Zeller, the sole shareholder of the law firm representing Plaintiff; Brandon D. Sherr, an associate at the firm, who has approximately seven years of litigation experience and specializes in wage-and-hour law; and John M. Gurrieri, a former associate at the firm, who has approximately four years litigation experience and specializes in wage-and-hour law.  Counsel's billing records reflect that Mr. Zeller worked.8 hours to the case at $400 per hour, Mr. Sherr worked 5.2 hours at $350 per hour and Mr. Gurrieri

worked 3.6 hours at $300 per hour. This results in a lodestar amount of $3,220.00. Counsel's request for $8,215.20, including $815.20.00 in costs, exceeds this amount.

Based on the documentation counsel filed, counsel's request for $8,215.20, which includes 40% of the settlement amount plus reimbursement for costs is unreasonable. The Second Circuit directs the district courts to determine appropriate attorneys' fees by finding a reasonable hourly rate for the attorneys' work and finding the reasonable number of hours required by a given case. *See, e.g.*, *Stanczyk v. City of New York*, 752 F.3d 273, 284–85 (2d Cir. 2014); *Millea v. Metro-N. R.R.*, 658 F.3d 154, 166–67 (2d Cir. 2011). "The Court's analysis is guided by the market rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Rodriguez-Hernandez v. K Bread & Co.*, No. 15 Civ. 6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) (citation omitted).

Courts in this district have consistently found that "the reasonable hourly billing rate for partners in wage-and-hour cases is between $300 and $400 per hour and that the reasonable hourly billing rate for mid-level associates is approximately $200 per hour." *McGreevy v. Life Alert Emergency Response, Inc.*, No. 14 Civ. 7457, 2017 WL 1534452, at *7 (S.D.N.Y. Apr. 28, 2017) (collecting cases); *Farmer v. Hyde Your Eyes Optical, Inc.*, No. 13 Civ. 6653, 2015 WL 2250592, at *14 n.10 (S.D.N.Y. May 13, 2015) (finding $360 per hour was a reasonable rate for an attorney with over 16 years of experience); *Marquez v. Erenler, Inc.*, No. 12 Civ. 8580, 2014 WL 5847441, at *2–*3 (S.D.N.Y. Nov. 10, 2014) (collecting cases and awarding a reduced amount of $400 per hour for a partner with "decades of experience" in employment law, and $200– $300 per hour for associates with three to four years of experience); *Trinidad v. Pret a Manger (USA) Ltd.*, No. 12 Civ. 6094, 2014 WL 4670870, at *9 (S.D.N.Y. Sept. 19, 2014) (collecting cases). Although the lodestar amount can be adjusted upward or downward based on

additional considerations, there is a strong presumption that the lodestar amount represents a reasonable fee. *See, e.g.*, *Wolinsky*, 900 F. Supp. 2d at 336; *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).

Based on the documentation counsel filed, a reasonable hourly billing rate for Mr. Zeller is $400 per hour; a reasonable billing rate for Mr. Sherr is $300; and a reasonable billing rate for Mr. Gurrieri is $250 per hour. This results in an adjusted lodestar of $2,780.00. Plaintiff's counsel fails to justify a lodestar multiplier of 2.66.

In the alternative, Plaintiff's counsel requests $6076.67 in reasonable attorneys' fees, before costs. The Court finds this amount, which is approximately 33% of the settlement, to be fair and reasonable in light of the quality of counsel, risks of litigation and the litigation's magnitude and complexity. *See Rodriguez-Hernandez*, 2017 WL 2266874, at *5 ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %."); *Larrea v. FPC Coffees Realty Co.*, No. 15 Civ. 1515, 2017 WL 1857246, at * (S.D.N.Y. May 5, 2017) ("When parties allocate an excessive portion of a net settlement amount to attorneys' fees in FLSA settlements, courts in this District often reduce the fee award to one-third.").

Plaintiff's counsel also seeks $815.20 in costs for the filing fee, process server and case records, which is **APPROVED** as reasonable.

It is therefore **ORDERED** that the settlement agreement is **APPROVED**, and Plaintiff's counsel is awarded $6,891.87 in reasonable attorneys' fees and costs. The remainder of the settlement shall be distributed to Plaintiff.

The Clerk of Court is directed to close the case.

Dated: October 3, 2017
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

3